**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Hayk Arakelyan, | Case No. 2:26-cv-01825-JAD-MDC |
| Petitioner | **Order Appointing Counsel and Deferring Consideration of 28 U.S.C. § 2241 Petition** |
| v. | |
| John Mattos, et al., | [ECF Nos. 1, 1-1, 1-2] |
| Respondents | |

Petitioner Hayk Arakelyan, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241.[1]  He also seeks to proceed in forma pauperis[2] and moves for the appointment of counsel.[3]  I find good cause to grant the in forma pauperis application.  But, having reviewed at the petition, I cannot determine under what statutory authority the petitioner is detained or what constitutional claims he may have.  I nonetheless find that the appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[4]  I also direct that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

IT IS THEREFORE ORDERED that the Motion to Proceed in Forma Pauperis **[ECF No. 1] is GRANTED**.

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] ECF No. 1-2.

[4] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel **[ECF No. 1-2] is GRANTED**. **The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner** and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) within 7 days of the date of this order.  If the FPD is unable to represent the petitioner, alternate counsel will be appointed.  Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.  If the FPD files a notice of appearance in this matter, it will then have 14 days to (1) file either an amended petition or a motion to dismiss the petition, and (2) effectuate service of the amended petition, if one is filed, on the respondents.

IT IS FURTHER ORDERED that the Clerk of Court is directed to:

1. **FILE** the petition (ECF No. 1-1);

2. **SEND** a copy of the petition (ECF No. 1-1) and this order to the FPD at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division;

3. **ADD** the USAO to the docket as an Interested Party. Under the District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243;

4. **ADD** John Mattos, Warden, Nevada Southern Detention Center to the docket as an Interested Party;

5. **MAIL** a copy of the petition (ECF No. 1-1) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060; and

6.      **SEND** a courtesy copy of the petition (ECF No. 1-1) and this order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

IT IS FURTHER ORDERED that the must USAO file a notice of appearance within 7 days of the date of this order and file and serve the respondents' answer to the amended petition, if one is filed, within 7 days of service of the filing of that amended petition.  The respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.  The petitioner will have 7 days to file a reply.

IT IS FURTHER ORDERED that the **USAO must produce the following documents to the FPD** (or certify that such documents are not in their custody or control) within 7 days of the date of this order:

1.      I-200 Warrant for Arrest of Alien;

2.      Form I- 286 Initial Custody Determination;

3.      I-862 Notice to Appear;

4.      Form I-213 Record of Deportable or Inadmissible Alien;

5.      All immigration court orders in the petitioner's removal proceeding;

6.      Documents certifying any appeal of any immigration court orders by Department of Homeland Security or the petitioner; and

7.      Transcripts and/or audio recordings of any custody redetermination proceedings.[5]

---

[5] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (finding that courts may require the production of evidence if necessary to "dispose of the matter as law and justice require"); Rule 6 of the Rules Governing § 2254 Cases (permitting the production of evidence upon good cause shown).

IT IS FURTHER ORDERED that **the respondents must not transfer the petitioner out of this district**, with the exception of effectuating his lawful deportation.[6]  In the event of lawful deportation, the respondents' counsel must file a notice with the court within 5 days from deportation.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 18, 2026

---

[6] *See F.T.C. v. Dean Foods Co*., 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

4